UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-cr-00442 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| COSTEL ALECU, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Doc. 60) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 60) filed by Defendant Costel Alecu and supplemented by counsel (Doc. 66). The United States of America has not opposed the motion.

For the reasons stated below, the Motion is DENIED.

**I.      BACKGROUND**

A federal grand jury charged Alecu and his co-defendant Madalin Ghinea with 12 counts: 1 count of conspiracy to commit wire fraud, 8 counts of wire fraud, 1 count of conspiracy to traffic in counterfeit service marks, one count of conspiracy to commit money laundering, and one count of aggravated identity theft. Doc. 1. Pursuant to a plea agreement (Doc. 37), Alecu pled guilty to all counts.

During sentencing, the Court calculated Alecu's sentencing range to be 46 to 57 months with an additional 24 months consecutive required for the aggravated identity theft conviction. Ultimately, the Court sentenced Alecu to an aggregate term of 70 months by imposing 46 months on the underlying offenses and adding the 24-month consecutive sentence.  The parties now agree

1

that Alecu's underlying range would be 37 to 46 months, and Alecu seeks a 37-month sentence on the underlying offenses for a total sentence of 61 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any

pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

As noted above, Alecu asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 37-46 months as opposed to the 46-57 months used at the time of sentencing. Doc. 66 at 3-4.  Alecu's range is lowered because he is eligible under the amendment due to have zero points in his criminal history.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Alecu's case.  *See Jones*, 980 F.3d at 1107.  This is due to the nature of the offense, Alecu's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2).

While the Court has found Alecu to be eligible, it notes that there some doubt in the Court's mind regarding his eligibility.  U.S.S.G. §4C1.1(a)(6) provides that a defendant who "personally cause(s) substantial financial hardship" is precluded from receiving a reduction, even when they otherwise qualify as a zero-point offender.  Because the Court received no victim impact statements, it cannot formally conclude that Alecu caused substantial financial hardship to any particular person.  However, the nature of Alecu's scheme will be considered by the Court in evaluating the § 3553(a) factors.

Alecu's scheme undoubtedly prayed on financially vulnerable victims.  For example, the scheme included fictious sales of an eleven-year-old Honda Accord for $1,500, a thirteen-year-old

3

Honda for $500, and a twenty-year-old Land Rover for $2,000.  In other words, the scheme had the hallmarks of searching out those desperate for a dependable form of transportation and preyed on that desperation.  Additionally, Alecu admitted to causing a loss amount between $1,500,000 and $3,500,000, serving to underscore that his fraudulent actions were pervasive and widespread.  Thus, while the Court cannot conclude that Alecu caused substantial financial hardship, the above facts surrounding his conviction weigh heavily against any sentence reduction.

The Court acknowledges that Alecu appears to have adapted well to incarceration and that this matter resulted in his first convictions.  However, in evaluating the nature and circumstances of his offense, the Court maintains that an aggregate sentence of 70 months is still sufficient but not greater than necessary.  Given the facts and after consideration of the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Alecu's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III.  CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 60) is DENIED.


Date:  October 9, 2024                              */s/ John R. Adams*
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE